UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00689-FDW-DCK

| | |
|---|---|
| REGINALD ALLEN JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| BRICK TRIPP, UNITED STATES ) | |
| CORPORATION COMPANY, SUPERIOR ) | |
| COURT OF THE DISTRICT OF ) | |
| COLUMBIA, COURT SERVICES AND ) | |
| OFFENDER SUPERVISION AGENCY, ) | |
| UNITED STATES PAROLE ) | |
| COMMISSION, SF273-PERFORMANCE ) | |
| BOND, SF-274-PAYMENT BOND, SF- ) | |
| 275-BID BOND ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court *sua sponte*. For the following reasons, Plaintiff's Pro Se Complaint (Doc. No. 1), filed December 12, 2014, is dismissed.

## FACTUAL BACKGROUND

Plaintiff Reginald Allen Jackson filed a *pro se* complaint in this Court on December 12, 2014. On December 29, 2014, Plaintiff's money order received for payment of the filing of $400 was returned from the bank. As of the date of this order, the filing fee remains unpaid. Other than filing the original Complaint, Plaintiff has taken no further action in prosecution of its claims against Defendants. He has not requested to proceed *in forma pauperis*.

## ANALYSIS

A plaintiff's complaint is subject to review pursuant to the inherent authority of the district court and may be dismissed as frivolous when appropriate. Penland Fin. Servs., Inc. v. Select Fin. Servs., Inc., 2008 WL 5279638, *2 (D.S.C. 2008). Although 28 U.S.C. § 1915(e)

specifically allows a district court to review claims filed *in forma pauperis* for frivolity, the Supreme Court has noted that a "[s]tatutory provision may simply codify existing rights or powers." Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307 (1989). In Mallard, the Supreme Court went on to explain that although 28 U.S.C. § 1915 gave district courts the explicit authority to dismiss frivolous actions filed *in forma pauperis*, there was "little doubt that [district courts] would have the power to do so even in the absence of this statutory provision." Id. Thus, Mallard recognizes the inherent power of a district court to dismiss frivolous claims even in the absence of express statutory authorization. Based on the reasoning of Mallard, the Second Circuit has since held that a district court has the inherent authority to dismiss all frivolous claims regardless of whether a filing fee was paid. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).

Other circuits, including the Fourth Circuit, have also recognized a district court's authority to dismiss a paid complaint as frivolous on the grounds that a frivolous complaint cannot confer subject matter jurisdiction on the court. See Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 817 n.5 (4th Cir. 2004); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181-83 (7th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984). The authority for this position derives from a long line of Supreme Court cases holding that "[a] patently insubstantial complaint may be dismissed . . . for want of federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989); see also Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (holding the same and citing a long line of cases); Bell v. Hood, 327 U.S. 678, 682-83 (1946). A district court may dismiss a claim for lack of subject matter jurisdiction on its own motion. See FED. R. CIV. P. 12(h)(3).

Finally, "a district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute . . . [S]uch authority derives from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Furthermore, "[A]side from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases . . . ." Eriline Co., 440 F.3d at 654.

Because the payment received by Plaintiff has been returned from the bank, and because Plaintiff has since taken no further action in the prosecution of this case, this Court is authorized to dismiss the case. IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED without prejudice. The Clerk is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: January 29, 2015

Frank D. Whitney
Chief United States District Judge